UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRION WILLIAMS and SAMARIAN WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:06CV1280(TCM) ) |
| DELLWOOD POLICE DEPARTMENT, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the applications of Darrion Williams, an inmate at the Missouri Eastern Correctional Center (MECC), and Samarian Williams[1] for leave to commence this action without payment of the required filing fee [Docs. #1 and #3].

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of

---

[1] In the complaint and attached exhibits, Samarian Williams is sometimes referred to as "Samarian Tillman."

the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

As noted above, applicant Darrion Williams is a state inmate. Darrion Williams has not submitted a certified copy of his prison account statement for the six month period immediately preceding the submission of the instant complaint as required by 28 U.S.C. § 1915(a)(2). Therefore, the Court will deny the application of Darrion Williams to proceed in forma pauperis, without prejudice, and direct Darrion Williams to either pay the full $ 350 filing fee or submit a proper application to proceed in forma pauperis (including submission of a certified copy of his prison account statement).

**In forma pauperis application of Samarian Williams**

Based on the financial information set forth in Samarian Williams's affidavit, the Court finds that Samarian Williams has insufficient funds to pay the full filing fee. Therefore, the Court will grant Samarian Williams's application to proceed in forma pauperis.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

The complaint seek damages, declaratory, and injunctive relief pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 for alleged violations of their constitutional rights. Named as defendants are the Dellwood Police Department, Police Officer Michael Bobbitt, Police Officer Michael Hance, Detective Sergeant Paul Harris, Police Officer Brian Law, and "Police Officer O (name unknown). Although not named as defendants in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, the complaint also appears to seek relief against Latricia Hardy and another "John Doe" defendant identified only as a police officer of

"European Caucasian origin."

Liberally construing the complaint and attached exhibits, it appears that Darrion Williams was romantically involved with both Samarian Williams and Latricia Hardy. On or about October 7, 2004, Darrion and Samarian Williams were in their home located at 1760 Grafton, St. Louis, Missouri. It further appears that Latricia Hardy appeared outside the house which caused Darrion to exit the house and flee the area in an automobile. The pleadings and exhibits indicate that Samarian then exited the residence and a fight ensued between Samarian and Hardy during which Hardy is alleged to have stabbed Samarian. Hardy then allegedly pursued Darrion to a parking lot, stabbed him (injuring him slightly), and fled. Darrion states that he returned to the residence to find Samarian severely injured and bleeding from a stab wound to the heart. Darrion further alleges that he called for emergency medical assistance.

According to the complaint, two Dellwood Police Officers - identified only as "Defendant O" and "European Caucasian origin" - responded to the scene with the emergency medical unit. These officers were allegedly informed that Hardy had committed the attack. In the meantime, it appears that Hardy went to the Dellwood police station and confessed to assaulting Darrion and Samarian.

Despite Hardy's confession, the complaint asserts that defendant Law advised defendant Hance to arrest Darrion on the

charges of assaulting Samarian and armed criminal action.[2]  While in police custody, the complaint alleges that Darrion had his arm twisted by defendant Hance, that defendant Bobbitt punched him in the face, and that defendant Law watched over the incident.  The complaint also alleges that Darrion was denied access to an attorney and to make a telephone call.

A warrant was obtained to search the residence at 1760 Grafton and it appears that two pounds of marijuana were found. Samarian recovered from her wounds and informed the police that Hardy was her attacker.  The charges against Darrion for attacking Samarian were dropped and Hardy was charged with assault and armed criminal action in connection with that attack.  Although the assault charges against Darrion were dropped, it appears that Darrion's parole was revoked because of possession of marijuana.

The complaint claims: (1) that the defendants' actions were the result of religious and racial discrimination against Darrion and Samarian in violation of 42 U.S.C. §§ 1981 and 1985(3);[3] (2) that the defendants conducted an unreasonable search

---

[2] The police reports attached to the complaint give a different account of the events.  The police reports indicate that while Hardy confessed to fighting with Samarian, Hardy denied stabbing Samarian.  The police reports note that Hardy did not appear to be nervous and did not have any blood on her body or clothes.  The police reports further indicate that Darrion appeared to become upset when informed that his wife would not die from the wounds she had suffered.  The police reports also reflect skepticism with Darrion's assertion that Hardy successfully pursued him to a parking lot because Hardy's fight with Samarian happened after Darrion left the area in an automobile and the fight lasted about five minutes.

[3] The complaint describes Darrion and Samarian as "religious Beys."  Giving the complaint a liberal construction, it appears

of 1760 Grafton in violation of the fourth amendment; (3) that defendants Hance, Bobbitt, and Law used excessive force against Darrion; (4) that the defendants denied Darrion adequate medical treatment for the injuries he sustained during Hardy's attack and for the injuries he sustained after being beaten by defendants Hance, Bobbitt, and Law;(5) that the defendants violated Darrion's right to an attorney; and (6) that the defendants violated due process by falsely charging Darrion with the attack on Samarian. Additionally, the complaint seeks damages against Hardy for state law claims of assault and for infliction of emotional damage due to the assault.

## Discussion

Samarian's claims against defendants Dellwood Police Department, Bobbitt, Hance, Harris, Law, Unknown Police Officer "O", and Unknown Police Officer John Doe "European Caucasian origin" regarding religious discrimination and an unreasonable search survive review under § 1915(e)(2)(B) and should not be dismissed at this time.

Darian's claims against defendants Dellwood Police Department, Bobbitt, Hance, Harris, Law, Unknown Police Officer "O", and Unknown Police Officer John Doe "European Caucasian origin" regarding religious discrimination, unreasonable search,[4]

---

that they are African-American Muslims possibly associated with the Moorish Science Temple of America. See Trinidad v. McCaughtry, No. 99-4046, 2000WL868585, at *1 (7th Cir. June 26, 2000) (use of name "Bey" in religion claim).

[4]With regard to the unreasonable search claim, the Court notes that Darrion's compensable injury does **not** include the

6

excessive use of force, denial of medical care, denial of attorney, and denial of due process survive review under § 1915(e)(2)(B) and should not be dismissed as this time.  See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).  Therefore, the Court will order that defendants Dellwood Police Department, Bobbitt, Hance, Harris, Law, Unknown Police Officer "O", and Unknown Police Officer John Doe "European Caucasian origin" reply to these claims.

The claims against defendant Hardy, however, do not survive review under 28 U.S.C. § 1915(e)(2)(B).  Hardy is a private person without government office or government powers.  As such, she is not a person within the meaning of 42 U.S.C. § 1983.  Furthermore, 28 U.S.C. § 1367 gives this Court jurisdiction over the state law claims being asserted against Hardy only if these claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The state law assault claims against Hardy are not so related to the claims of police misconduct claims as to form the same case or controversy.  Therefore, the claims against Hardy must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Darrion Williams's motion to

---

"injury" of being imprisoned on the parole violation charge due to the discovery of two pounds of marijuana.  See Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994).  Darrion cannot recover damages for being wrongully imprisoned unless and until his parole revocation has been overturned in an appropriate proceeding.  Id.

proceed in forma pauperis [Doc. # 1] is **DENIED**, without prejudice, because he failed to comply with the prisoner provisions of 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that no later than March 15, 2007, Darrion Williams shall either pay the full $350 filing fee or submit a proper motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (including, but not limited to, submission of a certified copy of his prison account statement).

**IT IS FURTHER ORDERED** that if Darrion Williams fails to either pay the full $350 filing fee or submit a proper motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on or before March 15, 2007, then his claims will be dismissed.

**IT IS FURTHER ORDERED** that plaintiff Samarian Williams's motion to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall add as defendants in this action Latricia Hardy and Unknown Police Officer John Doe "European Caucasian origin."

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Hardy because the claims against this defendant is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Dellwood Police Department, Bobbitt, Hance, Harris, Law, Unknown Police Officer "O", and Unkown Police Officer John Doe "European

Caucasian origin."

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dellwood Police Department, Bobbitt, Hance, Harris, Law, Unknown Police Officer "O", and Unknown Police Officer John Doe "European Caucasian origin" shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B.

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of February, 2007.

                    **/s/ Jean C. Hamilton**
                    **UNITED STATES DISTRICT JUDGE**